## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, vs. JOHN DOE, Defendant. | CASE NO. 14cr3118-LAB<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE** **[Dkt. 69]** |
|---|---|

In 2015, Defendant pled guilty to importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960. The Court sentenced him to 180 months in custody followed by 10 years of supervised release. Defendant has served over 40% of his sentence and is projected to be released from Bureau of Prisons ("BOP") custody in 2027. He now moves for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), urging the Court to order his release or permit him to serve the remainder of her sentence in home confinement principally because his obesity is a risk factor for severe COVID-19 infection. (Dkt. 73.)

Under 18 U.S.C. § 3582(c)(1)(A), a court may grant a defendant's motion to modify his term of imprisonment only if the defendant first petitions the BOP to file the motion on her behalf. The movant bears the burden of demonstrating that she has made such a petition and that BOP has denied it. *See United*

*States v. Van Sickle*, No. CR18-0250JLR, 2020 WL 2219496, at *3 (W.D. Wash. May 7, 2020) (collecting cases); *see also U.S. v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998) (movant under § 3582(c) bears initial burden of demonstrating that sentence reduction is warranted). Administrative exhaustion "is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have any opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975); *see also Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Accordingly, not just any petition will satisfy this burden: a movant hasn't exhausted his administrative remedies unless the BOP has had an opportunity to consider filing a motion on the same grounds that the movant ultimately relies on. *See, e.g., United States v. Valenta*, 2020 WL 1689786 at *1 (W.D. Pa. Apr. 7, 2020); *United States v. Jenkins*, 2020 WL 1872568 at *1 (D. Neb. Apr. 14, 2020).

     Defendant asked the warden to file a motion for compassionate release on his behalf, citing his father's ill-health and the need for Defendant to serve as caregiver. (Dkt. 73-1 Ex. C.) This isn't the same as seeking release due to heightened COVID-19 risk due to obesity. His petition to the warden didn't raise the same ground for release as his motion does, and so Defendant has failed to carry his burden to prove that he has met the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). The Motion is **DENIED WITHOUT PREJUDICE**.

     **IT IS SO ORDERED**.

Dated: May 10, 2021

*[signature: Larry A. Burns]*

Hon. Larry Alan Burns
United States District Judge